## LITTLE v. MEGQUIER.

An entry on land under a deed recorded, and payment of taxes, is no evidence of a disseisin of the true owner, unless the person who entered *has continued openly to occupy and improve it.*

In such a case, though the deed may not convey the legal estate, yet the possession of a *part* of the land described in it, under a claim of the *whole,* by the bounds therein expressed, *may* be considered as *possession* of the whole, and as a disseisin of the true owner; and equivalent to an actual and exclusive possession of the whole tract, unless controled by other possessions.

THIS was an action of trespass *quare clausum fregit,* for cutting and carrying away certain trees from the lots numbered 57 and 58 in the second division in *Poland,* between *February* 8, 1814, and *February* 8, 1820.

The defendant, besides the general issue, pleaded—1st, that the soil and freehold in lot numbered 57 was in *Robert Waterman;*—2d, that the soil and freehold was in *Robert Snell,* and the heirs of *Edmund Megquier;*—which were traversed, and issues taken thereon.

The plaintiff, to prove the issues on his part, produced a deed from *Oliver Osgood* to himself, dated *March* 25, 1796, acknowledged *June* 23, 1814, and recorded *August* 1814, of *one half of the lot numbered* 57. He also produced a deed from *Benjamin Osgood* to himself, dated *May* 23, 1800, acknowledged *May* 23, 1804, and recorded *August* 13, 1804, of *the other half of said lot.*

The defendant offered a deed from *Nathaniel Sawtel,* collector of taxes for the town of *Poland* for the years 1788 to 1791, and for 1793 and 1794 to *Robert Waterman,* of that part of the lot numbered 57 on which the supposed trespass was committed. This deed was dated *April* 1, 1795, acknowledged *January* 22, 1798, and recorded *January* 27, 1801. He also offered to prove that *Waterman,* immediately after the giving of the deed to him, entered upon and surveyed the land, which was wholly uncultivated. And he further offered in evidence a deed of the same land from *Waterman* to *Snell* and *Megquier,* dated *April* 11, 1809, recorded *June* 20, 1820. He also offered to prove that the tax-bills, warrants, and evidence of the proceedings on the part of *Sawtel* the collector were accidentally consumed by fire;—and

Little v. Megquier.

that *Waterman*, and his grantees, since the date of the deed to him, had paid all the taxes assessed on the land described in his pleas, to the present time.. But the presiding Judge refused to admit the deed from *Sawtel* in evidence, unless the requisites authorizing him to sell, so far as they were recorded on the town books, were first proved;—and these not being shewn, he directed the jury to return a verdict for the plaintiff, which was taken subject to the opinion of the whole Court upon the correctness of that direction.

*Fessenden*, for the defendant, now contended—1. That the deed from *Sawtel* to *Waterman*, being recorded, is equivalent to *livery of seisin*, and works a disseisin of all others claiming title to the same land.—2. That six years' possession, by the operation of the *Stat.* 1821, *ch.* 47, which gives the tenant a right to the value of his improvements made on the land, by necessary implication takes away the right of entry, and bars the action of trespass *quare clausum;* because in this action the improvements cannot be estimated.—3. That the regular evidence of the collector's proceedings being lost, the presumption of law is that his doings were regular and legal, until the contrary appears.

*Little*, for the plaintiff, replied, that if a deed recorded was evidence of an ouster or disseisin, then the deed from *Osgood* to the plaintiff is such, which was given in 1796 and recorded in 1814;—that if the *Stat.* 1821, *ch.* 47, can be understood to take away the right of entry, yet it applies only to cultivated lands, held by open, visible and actual possession;—and that every person claiming under a collector of taxes, must at least shew a legal authority in the collector to sell the lands. *Thurston v. Little*, 3 *Mass.* 429. Though the collector's papers were lost, the town records might have been produced to shew his election, and the raising of the taxes. There is therefore no deed under which the defendant can claim, and his entry in 1801 was a mere trespass.

Mellen C. J. delivered the opinion of the Court as follows.

On examining the facts in this case it is very clear that the deed from the collector to *Waterman* was not admissible in evi-

Little *v.* Megquier.

dence as proof of title to the *locus in quo ;* there being no proof adduced to shew that any preliminary proceedings on the part of the town of *Poland,* or its officers, in relation to the voting and legal assessment of the taxes, for the non-payment of which the land was sold, had ever existed.   The loss of some of the papers, which had been committed to the collector, whether by fire or otherwise, can be no reason for the non-production of copies from the town records, proving the legal choice of assessors and collector,—their having been duly sworn,—the tax regularly assessed, &c.—On this point the defence fails.

But it is contended that though the deed from the collector to *Waterman* was not admissible as proof of *title,* it was good evidence of the *extent of his claim ;*—having been recorded in the registry of deeds in the year 1801 ; and he having caused the land to be run out according to said deed, and paid the taxes which had been assessed upon it, though the same was a wild and uncultivated lot of land, still *these facts,* together with the *record of the deed,* constituted a *disseisin* of the plaintiff.   And as he has not made any entry on the land *since,* he has had no possession sufficient to authorize him to maintain this action. We cannot admit the correctness of this reasoning, or the conclusion drawn from it.   The principle certainly cannot be applicable, unless in a case where the person claiming title, by a deed *duly registered,* has entered into possession of the land under his deed, and continued *openly to occupy and improve it.—* In such a case, though the deed may not convey the legal estate, still the possession of a *part* of the land described in it, under a claim of the *whole,* by the boundaries therein expressed, *may* be considered as a *possession* of the *whole* and as a disseisin of the true owner; and equivalent to an actual and exclusive possession of the whole tract, unless controled by other possessions.

On this ground also the defence fails.   We are all satisfied that the opinion of the Judge by which the deed from *Sawtel,* the collector, to *Waterman* was rejected, was correct; and accordingly there must be

*Judgment on the verdict.*